IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Romell Holmes, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:17-1257-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Barnwell County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Romell Holmes ("Holmes"), a state pretrial detainee, proceeding pro se, alleges a violation of 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge Gossett recommends dismissing this case with prejudice and without issuance and service of process because the Barnwell County Detention Center ("BCDC") is not a person who may be found liable for constitutional violations under § 1983.[2] (Report & Recommendation 4, ECF No. 6.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).

Holmes filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Holmes has raised one specific objection. Holmes does not object to the dismissal of BCDC as a defendant. Instead, Holmes alleges that Sheriff Ed Carrol is the proper defendant in this case. It appears that Holmes is attempting to allege a § 1983 claim against Sheriff Ed Carrol for cruel and unusual punishment based on the failure to provide proper medical treatment. (Objs., generally, ECF No. 8.) Out of an abundance of caution and in light of the liberal construction accorded to pro se pleadings, the court construes Holmes' objection as an attempt to amend his complaint, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, which allows a party to amend "its pleading once as a matter of course" if no responsive pleading has been filed and subject to the other limitations of Rule 15(a). Based on the foregoing, the court adopts the magistrate judge's Report and Recommendation in part and dismisses BCDC as a party to this action. However, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, Holmes may amend his complaint to assert a § 1983 claim against Sheriff Ed Carrol.[3]

---

[3]Holmes' objection contains insufficient facts to state a § 1983 claim against Sheriff Ed Carrol and the court's ruling in this order has not considered the viability of Holmes' claim against Sheriff Ed Carrol under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Therefore, it is

**ORDERED** that Holmes' claim against BCDC is dismissed with prejudice. It is further

**ORDERED** that Holmes' motion to amend complaint, docket number 8, is granted and Holmes is granted twenty (20) days from the entry of this order to amend his complaint. This matter is referred to the magistrate judge for further proceedings.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 5, 2017

# NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.