IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Romell Holmes, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:17-1257-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Ed Carroll, Sheriff; Latoya Buxton, LPN, | ) | |
| Nurse; Deloris Charlton, Administrator at | ) | |
| Barnwell County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Romell Holmes ("Holmes"), proceeding pro se, alleges a violation of 42 U.S.C. § 1983. Holmes filed a motion for entry of default on December 10, 2017.[2] In her Report and Recommendation, Magistrate Judge Gossett recommends denying Holmes' motion because he failed to show that Defendants Carroll and Charlton have failed to plead or otherwise defend following proper service of process. (Report & Recommendation 3, ECF No. 55.) Specifically, Holmes failed to provide the court with any evidence that the subordinate employees who accepted service on the Defendants Carroll and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] The court construes Holmes' motion as seeking the entry of default pursuant to Federal Rule of Civil Procedure 55(a) because the entry of default is a prerequisite to a default judgment.

1

Charlton's behalf are "agent[s] authorized by appointment or by law to receive service of process" as is required by Rule 4 of the Federal Rules of Civil Procedure. (Id., ECF No. 55); Fed. R. Civ. P. 4(e)(2)(C).

Holmes filed objections to the Report and Recommendation on February 14, 2018.[3] (Objs. 2, ECF No. 62.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Holmes' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Accordingly, after review, the court finds that Holmes' objections are without merit. Therefore, after a thorough review of the magistrate judge's Report and the record in this case,

---

[3] Objections to the Report and Recommendation were due by February 20, 2018. After receiving no timely objections, the court entered an order adopting the Report and Recommendation on February 28, 2018. (Feb. 28, 2018 Order, ECF No. 59.) On March 1, 2018, Holmes filed objections to the Report and Recommendation, which he dated February 14, 2018. (Objs., ECF No. 62.) There is no readable postmark or prison mailroom receipt stamp. Therefore, out of an abundance of caution and in light of Holmes' pro se status, the court will use the February 14, 2018 date as the mailing date and finds that Holmes' objections are timely. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed . . . .") (internal quotation marks omitted); Houston v. Lack, 487 U.S. 266 (1988).

the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that the previous order adopting the Report and Recommendation, dated February 28, 2018, docket number 59, is vacated. It is further

**ORDERED** that Plaintiff's motion for default judgment, docket number 46, is denied.

**IT IS SO ORDERED.**

                                     s/Henry M. Herlong, Jr.
                                     Senior United States District Judge

Greenville, South Carolina
March 5, 2018

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.